UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC SCOTT ROPP,<br>    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT,<br>    Respondent. | )<br>)<br>)<br>)    CAUSE NO. 3:08-CV-2-TS<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Eric Scott Ropp, a prisoner proceeding *pro se*, filed this habeas corpus petition challenging his loss of 180 days earned credit time imposed after a Disciplinary Hearing Body ("DHB") at the Indiana State Prison in Michigan City, Indiana, found Ropp guilty of committing battery against another inmate in violation of A102.

**A.    Factual Background**

On July 12, 2007, Internal Affairs Officer C. Whelan prepared a conduct report charging Ropp with "battery upon another person, with a weapon." The conduct report states as follows:

> On 6/12/07 offender Stone 914538 was severely beaten causing ISP to send the offender to an outside medical facility. He had severely [sic] dozen stab wounds to his hands, body and legs. he also had severe contusions to his body and face. The offender also had a flammable chemical tossed on his [sic] in his cell that was identified as a chemical used in the Tag Shop.
>
> An investigation was begun and through the interviews and evidence there is enough information to charge the above offender with assaulting offender Stone causing injury using a weapon.
>
> See report of investigation. Disposition of physical evidence, if any: Case file 07-ISP-0171 for details.

[DE 5-2.] Officer Whelan also prepared a report of investigation which stated:

1

> On 6/12/07 a signal 3000 was called by Sgt. Tibbles due to finding offender Stone 914538 beaten severely and stabbed in his assigned cell . . . . A flammable chemical had also been thrown on him.
>
> An investigation was begun and through interviews and evidence it was discovered the above offender entered cell 428 with offender Bowling 113869 armed with homemade knifes [sic] and assaulted offender Stone. After the assault they threw a flammable chemical on the offender and attempted to set him on fire.
>
> Offender Stone lived through the assault but required outside medical treatment and hospitalization.
>
> Details of interviews/evidence are available in case file. Refer to case file 07-ISP-0171-1A.

[DE 5-2.]

On July 16, 2007, Ropp was notified of the charges. The screening report reflects that he pleaded not guilty, requested a lay advocate, and declined to request any physical evidence. [DE 5-3.] He did ask to call Stone, the victim, as a witness. [DE 5-3.] On July 23, 2007, a three-member DHB conducted a disciplinary hearing, found him guilty, and imposed a sanction of 180 days lost earned credit time, a credit class demotion from credit class I to class II, and one year of disciplinary segregation. In reaching its decision, the DHB stated that it relied on staff reports, Ropp's statement at the hearing, and physical evidence contained in the internal affairs file. [DE 5-6.] Ropp's appeals to the facility head and the final reviewing authority were denied.

**B.      Analysis**

Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when

2

consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process there must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Ropp raises two claims in his Petition. First, he claims there is insufficient evidence to support the DHB's decision. In reviewing a DHB's decision, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). The court will overturn the DHB's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, Ropp argues that there was insufficient evidence to find him guilty, specifically challenging the DHB's reliance on the internal affairs file and the confidential information referenced therein. Confidential information may be relied on, and may serve as the basis of an investigation report. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Due process requires that confidential information bear sufficient indicia of reliability. *Id.* Reliability can be established based on (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary

3

committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an in camera review of material documenting the investigator's assessment of the credibility of the confidential informant's credibility. *Id.* at 535–36. If a DHB fails to indicate the information's reliability, the district court may conduct its own review. *Henderson*, 13 F.3d at 1078; *Wells v. Israel*, 854 F.2d 995, 999 (7th Cir. 1988).

Here, the Respondent has submitted the internal affairs file containing information from the investigation into Stone's attack, which includes, among other things, physical evidence and documentation of interviews conducted in the course of the investigation. The Respondent requests that this material be maintained under seal. [DE 6.] Due to the sensitive nature of the information contained in the internal affairs file and the risk it poses to institutional safety, the Respondent's Motion will be granted.

This Court has independently reviewed the internal affairs file, and without revealing the contents of the file so as to compromise institutional safety, the Court concludes that it contains reliable evidence to support the DHB's finding of guilt. Although Ropp denies that he attacked Stone, it is not the province of this Court to reweigh the evidence and make its own determination of guilt or innocence. *McPherson*, 188 F.3d at 786. For these reasons, the Court finds no basis to grant habeas relief on grounds of insufficiency of the evidence.

Next, Ropp claims that he was denied due process when the DHB "failed to secure a statement from offender Stone." [DE 1 at 4.] A prisoner has a limited right to call witnesses and present evidence consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566; *Sweeney v. Parke*, 113 F.3d 716, 719–20 (7th Cir. 1997), *overruled on other grounds by White v. Ind.*

4

*Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). Here, Ropp was already told in the context of his administrative appeals that Stone did give a statement, which was contained in the confidential internal affairs file and considered by the DHB in reaching its decision. [DE 5-8.] To the extent Ropp is arguing that he had a right to call Stone as an adverse witness or otherwise confront him at the disciplinary hearing, he is incorrect. The formal rules of evidence do not apply to prison disciplinary proceedings, and there is no due process right to confront or cross-examine witnesses. *Wolff*, 418 U.S. at 566; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Nor did Ropp have a right to access the internal affairs report itself. Although prisoners have a conditional right to access documentary evidence, this right extends only to evidence that is exculpatory in nature. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Upon this Court's review, the internal affairs file is not exculpatory of Ropp. Moreover, even if the file contained exculpatory evidence, the DHB reviewed the file before reaching its decision and thus Ropp's inability to access this report could not have prevented him from presenting favorable evidence. *See White*, 266 F.3d at 768 (no denial of opportunity to review and present evidence where DHB reviewed the evidence in question as part of case file).

For the foregoing reasons, this Court:

(1) **GRANTS** the Respondent's motion for leave to submit evidence under seal [DE 6];

(2) **DIRECTS** the clerk of Court to maintain under seal the prison internal affairs file that was submitted along with the Respondent's motion [DE 6]; and

(3) **DENIES** the habeas corpus petition [DE 1].

SO ORDERED on November 10, 2009.

5

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION